**CT Corporation**

**Service of Process Transmittal**
05/04/2017
CT Log Number 531171485

**TO:** Todd Hill
FA Wilhelm Construction Co., Inc.
3914 Prospect St
Indianapolis, IN 46203-2300

**RE:** Process Served in Kentucky

**FOR:** Wilhelm Construction, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Matthew Hart, Pltf. vs. David Kent, et al., Dfts. // To: Wilhelm Construction, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Fayette County Circuit Court, KY<br>Case # 17CI01610 |
| **NATURE OF ACTION:** | Violation of Kentucky's Unfair Claims Settlement Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/04/2017 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Christopher W. Goode<br>Bubalo Goode Sales & Cronon PLC<br>1344 South Broadway<br>Lexington, KY 40504<br>859-519-1750 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1Z0399EX0120368175 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601 |
| **TELEPHONE:** | 717-234-6004 |

Page 1 of 1 / AB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

VINCENT RIGGS, CLERK
FAYETTE CIRCUIT COURT
CIVIL DIVISION
120 N. LIMESTONE STREET C103
LEXINGTON, KENTUCKY 40507



WILHELM CONSTRUCTION INC
C/O CT CORPORATION SYSTEM
306 W MAIN ST, STE 512
FRANKFORT, KY 40601

17-CI-1610.

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **17-CI-01610**<br>Court:  **CIRCUIT**<br>County: **FAYETTE** |

*Plantiff,* HART, MATTHEW VS. KENT, DAVID, ET AL, *Defendant*

TO:  C T CORPORATION SYSTEM
     306 W. MAIN STREET, SUITE 512
     FRANKFORT, KY 40601

Memo: Related party is WILHELM CONSTRUCTION, INC.

The Commonwealth of Kentucky to Defendant:
**WILHELM CONSTRUCTION, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **05/01/2017**

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

---

Summons ID: @00000752850
CIRCUIT: 17-CI-01610 Certified Mail
HART, MATTHEW VS. KENT, DAVID, ET AL



Page 1 of 1

**eFiled**

*Electronically Filed*

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
CASE NO. _____

MATTHEW HART      **PLAINTIFF**

vs.      **COMPLAINT**

DAVID KENT      **DEFENDANTS**

    SERVE:      *Via Secretary of State and Certified Mail*
                   David Kent
                   5915 Hacker Creek Road
                   Martinsville, IN 46151

and

POYNTER SHEET METAL, INC.

    SERVE:      *Via Certified Mail*
                   C T Corporation System
                   306 W. Main Street, Suite 512
                   Frankfort, KY 40601

and

WILHELM CONSTRUCTION, INC.

    SERVE:      *Via Certified Mail*
                   C T Corporation System
                   306 W. Main Street, Suite 512
                   Frankfort, KY 40601

and

LIBERTY MUTUAL FIRE INSURANCE COMPANY

    SERVE:    *Via Certified Mail*
                      Corporation Service Company
                      421 West Main Street
                      Frankfort, KY 40601

*************

Comes the Plaintiff, Matthew Hart, by counsel, and for his Complaint against the Defendants, David Kent, Poynter Sheet Metal, Inc., Wilhelm Construction, Inc., and Liberty Mutual Fire Insurance Company, states and alleges as follows:

### JURISDICTION

1. The Plaintiff, Matthew Hart, at all times relevant hereto was and has been an individual resident of the Commonwealth of Kentucky and resides at 3317 Squire Creek Way, Lexington, Kentucky, 40515.

2. The Defendant, David Kent, to the best of this Plaintiff's knowledge and belief, is and has been at all relevant times hereto an individual resident of Indiana whose last known address is 5915 Hacker Creek Road, Martinsville, Indiana, 46151.

3. The Defendant, Poynter Sheet Metal, Inc. is and was at all times relevant hereto a foreign corporation licensed to do business in the Commonwealth of Kentucky with a registered service of process agent of C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky, 40601.

4. Defendant, Wilhelm Construction, Inc. is and was at all times relevant hereto a foreign corporation licensed to do business in the Commonwealth of Kentucky with a registered service of process agent of C T Corporation System, 306 W. Main Street, Suite 512, Frankfort, Kentucky, 40601.

5. Defendant Liberty Mutual Fire Insurance Company (hereinafter "Liberty Mutual"),

to the best of Plaintiff's knowledge and belief, is and was at all times relevant hereto a foreign corporation duly authorized to do the business of insurance and is doing so in Kentucky. Its service of process agent is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky, 40601.

6. That all of Plaintiff's claims against the Defendants arise out of a motorcycle and motor vehicle accident which occurred on or about May 3, 2015 in Fayette County, Kentucky.

7. Venue is appropriate in Fayette Circuit Court as the subject events occurred in Fayette County, Kentucky and the Plaintiff's claims exceed this Court's minimum jurisdictional requirements.

## COUNT I
### Negligence Against David Kent

8. The Plaintiff adopts, reiterates and incorporates by reference as though fully typed verbatim herein each and every allegation contained in Paragraphs 1 through 7 above.

9. That on or about May 3, 2015, the Defendant, David Kent, operated an employer owned motor vehicle in such a negligent and reckless manner so as to cause it to collide with the motorcycle operated by the Plaintiff, Matthew Hart, thereby causing Plaintiff serious personal injuries.

10. As a direct and proximate result of the Defendant's negligence, the Plaintiff, Matthew Hart, has sustained personal injuries, both past and future medical expenses; past and future pain and suffering; loss of enjoyment of life; past and future wage loss; impairment of his ability to work and earn money in the future; and inconvenience; all in excess of the minimal jurisdictional requirements of this Court.

Presiding Judge: HON. THOMAS L. TRAVIS (622370)

COM : 000003 of 000010

## COUNT II
### Poynter Sheet Metal, Inc.'s Vicarious Liability for Negligence of David Kent

11. The Plaintiff adopts, reiterates and incorporates by reference as though fully typed verbatim herein each and every allegation contained in Paragraphs 1 through 10 above.

12. David Kent was acting within the course and scope of his employment/agency relationship with Poynter Sheet Metal, Inc. at all times relevant hereto.

13. The vehicle driven by David Kent which struck Plaintiff Matthew Hart was owned, leased, and/or otherwise controlled by Poynter Sheet Metal, Inc.

14. Defendant Poynter Sheet Metal, Inc. is responsible for the actions and negligence of its employee(s), agent(s), servant(s), and/or contractor(s), including David Kent referenced above, pursuant to the doctrines of master/servant, *respondeat superior*, agency, and all other applicable law.

15. As a direct and proximate result of the vicarious negligence of Poynter Sheet Metal, Inc., by and through its employee, agent, and/or sub-contractor David Kent, Matthew Hart sustained serious personal injuries and resulting damages including but not limited to past and future medical expenses; past and future wage loss; impairment to his ability to work and earn money; loss of enjoyment of life; past and future mental and physical pain and suffering; and any and all other damages for which he is entitled.

## COUNT III
### Negligent Hiring, Retention, and Supervision Against Poynter Sheet Metal, Inc.

16. The Plaintiff adopts, reiterates and incorporates by reference as though fully typed verbatim herein each and every allegation contained in Paragraphs 1 through 15 above.

17. Poynter Sheet Metal, Inc. is responsible for its own actions and/or inactions including, but not limited to, the following specific acts:

  a. Failure to train its driver;

  b. Failure to supervise its driver;

  c. The Negligent and/or Grossly Negligent retention of its driver despite his driving record; and

  d. The Negligent and/or Grossly Negligent entrustment of the subject vehicle to its driver despite his driving record.

18. As a direct and proximate result of the direct negligence and recklessness of Poynter Sheet Metal, Inc., Matthew Hart sustained serious personal injuries and resulting damages including but not limited to past and future medical expenses; past and future wage loss; impairment to his ability to work and earn money; loss of enjoyment of life; past and future mental and physical pain and suffering; and any and all other damages for which he is entitled.

## COUNT IV
### Wilhelm Construction, Inc.'s Vicarious Liability for Negligence of David Kent

19. The Plaintiff adopts, reiterates and incorporates by reference as though fully typed verbatim herein each and every allegation contained in Paragraphs 1 through 18 above.

20. David Kent was acting within the course and scope of his employment/agency relationship with Wilhelm Construction, Inc. at all times relevant hereto.

21. The vehicle driven by David Kent which struck Plaintiff Matthew Hart was owned, leased, and/or otherwise controlled by Wilhelm Construction, Inc.

22. Defendant Wilhelm Construction, Inc. is responsible for the actions and negligence of its employee(s), agent(s), servant(s), and/or contractor(s), including David Kent referenced

Presiding Judge: HON. THOMAS L. TRAVIS (622370)
COM : 000095 of 000010

above, pursuant to the doctrines of master/servant, *respondeat superior*, agency, and all other applicable law.

23. As a direct and proximate result of the vicarious negligence of Wilhelm Construction, Inc., by and through its employee, agent, and/or sub-contractor David Kent, Matthew Hart sustained serious personal injuries and resulting damages including but not limited to past and future medical expenses; past and future wage loss; impairment to his ability to work and earn money; loss of enjoyment of life; past and future mental and physical pain and suffering; and any and all other damages for which he is entitled.

## COUNT V
### Negligent Hiring, Retention, and Supervision Against Wilhelm Construction, Inc.

24. The Plaintiff adopts, reiterates and incorporates by reference as though fully typed verbatim herein each and every allegation contained in Paragraphs 1 through 23 above.

25. Wilhelm Construction, Inc. is responsible for its own actions and/or inactions including, but not limited to, the following specific acts:

   a. Failure to train its driver;

   b. Failure to supervise its driver;

   c. The Negligent and/or Grossly Negligent retention of its driver despite his driving record; and

   d. The Negligent and/or Grossly Negligent entrustment of the subject vehicle to its driver despite his driving record.

26. As a direct and proximate result of the direct negligence and recklessness of Wilhelm Construction, Inc., Matthew Hart sustained serious personal injuries and resulting damages including but not limited to past and future medical expenses; past and future wage loss;

impairment to his ability to work and earn money; loss of enjoyment of life; past and future mental and physical pain and suffering; and any and all other damages for which he is entitled.

## COUNT VI
### Violation of Kentucky's Unfair Claims Settlement Practices Act (hereinafter "UCSPA") Against Liberty Mutual

27. The Plaintiff adopts, reiterates and incorporates by reference as though fully typed verbatim herein each and every allegation contained in Paragraphs 1 through 26 above.

28. Liberty Mutual, at all times relevant hereto, provided a policy of liability insurance to Wilhelm Construction, Inc. identified by No. AS2641443927014.

29. The subject accident as described above is a covered event under said policy to which Liberty Mutual, via its adjusters, assigned claim No. AB220-220832-01.

30. Liberty Mutual is responsible for the actions and negligence of its employee(s), agent(s), servant(s), and/or contractor(s) referenced above, pursuant to the doctrines of master/servant, *respondeat superior*, agency, and all other applicable law.

31. As a direct and proximate result of the negligence of David Kent, Matthew Hart was seriously injured, and as a result of said injuries and damages, he is entitled to compensation under the automobile insurance policy covering David Kent at the time

32. David Kent was carrying out his duties as an employee of Wilhelm Construction, Inc. when he collided with Matthew Hart. Matthew Hart is entitled to compensation under the insurance policy covering Wilhelm Construction, Inc. at the time of the accident.

33. As liability had become reasonably clear, Plaintiff sent a demand for policy limits to Liberty Mutual on September 29, 2016.

34. On April 6, 2017, over six months after Plaintiff's demand was sent, after being contacted on six separate occasions by Plaintiff's representatives, Liberty Mutual offered $16,119.32 to fully and finally settle Matthew Hart's claim.

35. Liberty Mutual by and through its agents and/or employees based this offer on a legal position contrary to Kentucky law as it was only willing to compensate Matthew Hart amounts he or an insurance company had, at the time, actually paid for treatment related to the injuries he experienced as a result of being rear-ended on May 3, 2015.

36. Liberty Mutual by and through its agents and/or employees failed to offer any compensation for Matthew Hart's lost wages solely because he failed to produce a physician's letter authorizing his absence from work.

37. Liberty Mutual by and through its agents and/or employees failed to request additional records to support those claims in Plaintiff's September 29, 2016 demand until April 6, 2017, over six months after the initial demand was received by Liberty Mutual.

38. Liberty Mutual, by and through the actions of its agents and/or employees violated the UCSPA, as set forth in KRS 304.12-230, because Liberty Mutual (i) did not attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiff's claim in which liability had become reasonably clear and damages became reasonably certain; (ii) failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (iii) refused to pay Plaintiff's claim without conducting a reasonable investigation based upon all available information; (iv) failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; and (vi) subjected Plaintiff to such violations, as set forth above, in the context of a companywide policy

Filed          17-CI-01610   05/01/2017          Vincent Riggs, Fayette Circuit Clerk

and/or practice which deprives third party beneficiaries the full exercise of rights and benefits afforded them under the laws of the Commonwealth and the Kentucky Constitution.

39. As a direct and proximate result of the failure of Liberty Mutual to negotiate in good faith, the Plaintiff has suffered and continues to suffer severe financial difficulties, extreme emotional pain and distress all in excess of this Court's minimum jurisdictional requirements.

40. As a direct and proximate result of the actions and inactions of Liberty Mutual, Plaintiff is entitled to an award of punitive damages and any and all other damages allowed pursuant to the Unfair Claims Settlement Practices Act as well as any and all other damages allowable for bad faith actions under the common law of the Commonwealth.

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendants, David Kent, Poynter Sheet Metal, Inc., Wilhelm Construction, Inc., and Liberty Mutual as follows:

1) For compensatory damages for Matthew Hart in such amounts as a jury shall deem just, fair and equitable, including but not limited to the following:

   a. Past and future medical expenses;

   b. Past and future wage loss;

   c. Impairment of the ability to work and earn money;

   d. Loss of enjoyment of life; and

   e. Past and future physical and mental pain and suffering;

2) For punitive damages against David Kent, Poynter Sheet Metal, Inc, and Wilhelm Construction, Inc.;

3) For all damages allowable by statute and common law against Liberty Mutual;

4) For punitive damages against Liberty Mutual;

5)   For his costs expended in the prosecution of this action including a reasonable attorney's fee;

6)   For pre- and post-judgment interest at the then applicable legal rate; and

7)   For any and all other relief to which he may appear to be entitled, including a TRIAL BY JURY.

         Respectfully submitted,

         */s/Christopher W. Goode*
         CHRISTOPHER W. GOODE
         TYLER S. STEWART
         BUBALO GOODE SALES & CRONEN PLC
         1344 SOUTH BROADWAY
         LEXINGTON KY 40504
         859-519-1750
         859-519-1751 facsimile
         cgoode@bubalolaw.com
         tstewart@bubalolaw.com
         ***Counsel for Plaintiff***

```
MARA VELASCO                      1.0 LBS   LTR        1 OF 1
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

SHIP TO:
    TODD HILL
    2149323601
    FA WILHELM CONSTRUCTION CO., INC.
    3914 PROSPECT ST
    INDIANAPOLIS  IN 46203
```




IN 461 9-03

**UPS NEXT DAY AIR**                           **1**
TRACKING #: 1Z 039 9EX 01 2036 8175



BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/1403403/531171485/Mara Velasco

XOL 17.04.02    NV45 87.0A 04/2017



# CT Packing Slip

**CT Corporation**

| | |
|---|---|
| UPS Tracking # : | 1Z0399EX0120368175 |
| Created By : | Ashini Brahmbhatt |
| Created On : | 05/05/2017 04:38 AM |

**Recipient :**

**Todd Hill**

| | |
|---|---|
| Title : | -- |
| Customer : | FA Wilhelm Construction Co., Inc. |
| Address : | 3914 Prospect St |
| Email : | toddhill@fawilhelm.com |
| Phone : | 317-359-5411 3246 |
| Fax : | 317-353-0853 |

Package Type : Envelope
Items shipped : 1

| Log # | Case # | Entity Name |
|---|---|---|
| 531171485 | 17CI01610 | Wilhelm Construction, Inc. |